UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV6-3-V
(3:01CR36-5-V)

| | |
|---|---|
| **RENE RUBEN MORAGA-RUIZ,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Document No. 1), filed January 8, 2004. The Government's Motion for Summary Judgment, (Document No. 9) filed March 14, 2005 and Petitioner's Motion in Reply to the Government's Motion for Summary Judgment, (Document No. 14) filed April 29, 2005. For the reasons stated herein, the Government's Motion for Summary Judgment will be granted, and the Petitioner's Motion to Vacate will be denied and dismissed.

## 1. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reflects that on March 13, 2001, Petitioner and seven others were indicted and charged with conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Petitioner was arrested on November 7, 2001, in the District of Arizona and subsequently transferred to this district. On August 19, 2002, Petitioner entered into a plea agreement with the United States in which Petitioner agreed to pled guilty to Count One of the Indictment. On September 4, 2002, Petitioner appeared before Magistrate Judge McKnight and pled guilty to Count One of the Indictment. Magistrate Judge McKnight

conducted a colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. On February 24, 2003, the Petitioner appeared before this Court for sentencing, at which time the Court accepted Petitioner's guilty plea and sentenced Petitioner to 120 months in prison. Petitioner did not file a notice of appeal relative to his conviction or sentence.

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255 on January 8, 2004 alleging that he was coerced into pleading guilty by the prosecutor and defense counsel;[1] that the Court failed to resolve inaccuracies in the presentence report ("PSR") ; that the Indictment was vague and failed to charge an exact amount of cocaine in violation of Apprendi v. New York, 530 U.S. 466 (2000); and that the removal of his van from the motel parking lot and the subsequent search of the van by law enforcement officers constituted an illegal search and seizure pursuant to the Fourth and Fourteenth Amendments.

On April 29, 2005, Petitioner filed a motion in reply to the Government Motion for Summary Judgment stating that he was represented by a jailhouse lawyer at the time he filed his original Motion to Vacate and that this jailhouse lawyer never read him the Motion to Vacate prior to filing it with the Court. Petitioner further stated that he wished to withdraw all claims in his Motion to Vacate except the portion of his claim attacking his guilty plea that related to his entitlement to the safety valve. However, Petitioner specifically stated that he was no longer challenging the voluntariness of his plea. Pursuant to Petitioner's motion filed on April 29, 2005, the only claim currently before this Court is the claim that Petitioner should have been entitled to the safety valve provision.

---

[1] This claim included an argument that Petitioner should have been given the benefit of the safety valve because he had satisfied all of its requirements.

## II. ANALYSIS

**A. The Safety Valve Claim is Defaulted**

Petitioner withdrew all of his claims in his Motion to Vacate due to the fact that his jailhouse lawyer filed them on his behalf but never read them to Petitioner[2] prior to filing the Motion to Vacate with this Court. However, Petitioner asks that this Court consider his argument that he is entitled to the safety valve.[3] Specifically, Petitioner contends that he accepted responsibility for his crime which revealed his participation level and that should satisfy the safety valve's fifth criteria[4]. Moreover, Petitioner argues that language of the fifth criteria of the safety valve provision has been amended and that "the substantial assistance to the Government has been extracted to reflect that the defendant solely provide information in behalf of the offense." (Motion in Reply at 4.) The Court notes that Petitioner did not raise this issue on appeal inasmuch as Petitioner did not file a direct appeal.

Title 28 U.S.C. § 2255 provides relief only for jurisdictional or harmful constitutional errors and for errors of federal law that involve a fundamental defect that results in a miscarriage of justice. A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts unless

---

[2] Petitioner is a native of Mexico and does not speak, read or understand English.

[3] The safety valve provisions of U.S.S.G. § 5C1.2(a)(2) permit the Court to depart downward from the statutory minimum sentence in order to impose proportionatlely less harsh sentences on defendants who are less culpable. To qualify for the application of the safety valve, a defendant must demonstrate that he meets all five of the criteria listed in 18 U.S.C. § 3553(f)(1)-(5), and incorporated in U.S.S.G. § 5C1.2(a)(1)-(5).

[4] The fifth requirement entails a finding that, before sentencing, "the defendant has truthfully provided to the Government all information and evidence that defendant has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan. . . ." U.S.S.G. § 5C1.2(a)(5).

the petitioner demonstrates "cause" excusing his procedural default in failing to raise the errors of which he complains. United States v. Lardrum, 93 F.3d 122, 124-25 (4th Cir. 1996). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousely v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent." Id. at 622.

Petitioner offers no evidence to establish "cause and actual prejudice" or that he is innocent[5] of the charges: therefore, his claim that he should have received the benefit of the safety valve is not cognizable under 28 U.S.C. § 2255.

Moreover, even if Petitioner's claim were cognizable on habeas review, the evidence in the record belies Petitioner's claim that he should have received the benefit of the safety valve provision. First, Petitioner's counsel provided an affidavit in support of the Government's Motion for Summary Judgment which states that Petitioner specifically elected not to be debriefed by the Government and that Petitioner was specifically advised that he would not receive the benefit of the safety valve. Next, Petitioner's counsel provided copies of memos to the file prepared by him during the course of his representation of the Petitioner which state that Petitioner was giving up his right to pursue the safety valve as part of his negotiated sentence in exchange for the government's agreement not to pursue a weapons enhancement or a managerial role. (See Memos to file attached to Richard A. Culler Affidavit, Ex, C to Gov't Motion for Summary Judgment.) Third, during the Sentencing Hearing, the Court inquired whether there

---

[5] In fact, in his motion in reply to the Government's Motion for Summary Judgment, Petitioner reaffirmed his guilt by stating that he entered into his plea agreement voluntarily and that he was not seeking to withdraw his guilty plea.

4

would be a motion for departure. The Government responded that the parties agreed that the safety valve did not apply as Petitioner had not been debriefed at his own request. Petitioner's counsel agreed with the Government but added that throughout the case Petitioner had been very cooperative, interested in his case and been in constant contact with this attorney. (Sentencing Transcript at 4.) Therefore, Petitioner was involved in his case and understood the procedure and specifically what he was giving up by signing the plea agreement and by agreeing not to be debriefed.

Therefore, even if Petitioner's claim that he should have received the benefit of the safety valve provision were cognizable on federal habeas review, the record clearly evidences that Petitioner chose not to be debriefed by the Government and understood that he could not receive the benefit of the safety valve without such a debriefing. Additionally, the record clearly establishes evidence of conversations between Petitioner and his counsel that Petitioner was giving up his right to seek the safety valve in exchange for the Government's agreement not to pursue a weapons enhancement or a managerial role. On this record, Petitioner's claim that he should have received the benefit of the safety valve simply fails. However, since the claim is procedurally defaulted because Petitioner did not raise this issue on direct appeal, this Court need not decide the claim on the merits.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Government's Motion for Summary Judgment (Document No. 9) is **GRANTED,** and Petitioner's Motion to Vacate (Document No. 1) is **DENIED AND DISMISSED**.

**SO ORDERED**.

Signed: August 1, 2006

Richard L. Voorhees
United States District Judge